Electronically Filed - City of St. Louis - October 04, 2021 - 08:40 PM

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
TWENTY-SECOND JUDICIAL CIRCUIT
STATE OF MISSOURI

| | |
|---|---|
| TYRON EDWARDS )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CITY OF ST. LOUIS, MISSOURI; )<br>RYAN MURPHY, in his individual capacity; )<br>THOMAS STRECKFUSS, in his individual capacity; )<br>)<br>Defendants. | Cause No.<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

1. Tyron Edwards was walking unarmed when he was shot in the back by members of the St. Louis Metropolitan Police Department.

2. At the time of the shooting in October 2016, Tyron Edwards was 14 years old and lived with his mother in the City of St. Louis.

3. In October of 2016, Defendants Ryan Murphy and Thomas Streckfuss were in pursuit of a vehicle matching the description of one taken in a carjacking in Tyron Edwards Walnut Park neighborhood. The defendants lost sight of the vehicle and began searching the streets and alleys in the vicinity.

4. Defendants Ryan Murphy and Thomas Streckfuss saw Tyron Edwards waiting at Walbridge School to trade video games with his friend.

5. Tyron Edwards saw Defendants Ryan Murphy and Thomas Streckfuss running towards him with guns in their hands. The defendants scared Tyron Edwards and he began to run and the defendants chased him.

6. The Defendants chased Tyron Edwards and both defendants fired multiple shoots at Tyron Edwards.

7. Tyron Edwards was struck in the back by one of their bullets and collapsed.

8. Defendant City of St. Louis's policies and customs were the moving force behind the Assault and Excessive Force used against Tyron Edwards.

## PARTIES

9. At all times pertinent hereto, Tyron Edwards was a citizen of the United States and a resident of the State of Missouri.

10. Defendant City of St. Louis, Missouri is a political and geographic subdivision of the State of Missouri and is organized as a constitutional charter city under Article VI, section 19 of the Missouri Constitution. The City's primary law enforcement agency is the St. Louis Metropolitan Police Department ("SLMPD"), which is organized under, and overseen by, the City's Department of Public Safety. The City's Public Facilities Protection Corporation ("PFPC") of the City of St. Louis insures the SLMPD and City against all claims for damages.

11. Defendant Ryan Murphy is employed as a police officer with the SLMPD. Defendant Ryan Murphy shot Tyron Edwards in the back. At all times relevant to the subject matter of this litigation, he was acting under color of state law in his capacity as police officer for the City of St. Louis.

12. Defendant Thomas Streckfuss is employed as a police officer with the SLMPD. Defendant Thomas Streckfuss shot Tyron Edwards in the back. At all times relevant to the subject matter of this litigation, he was acting under color of state law in his capacity as police officer for the City of St. Louis.

## JURISDICTION AND VENUE

13. This action arises under R.S. Mo. § 516. 140 and § 516.170.

14. This action arises under the Constitution and laws of the United States and is brought pursuant to 42 U.S.C. § 1983.

15. Plaintiffs' claim for attorney's fees and costs is conferred by 42 U.S.C. § 1988.

16. Venue is proper in the Circuit Court of the City of St. Louis because all acts complained of occurred within the City of St. Louis.

## FACTS

17. Tyron Edwards ("Tyron") was born on March 4, 2002 and at 14 years of age he loved playing video games.

18. On the morning of October 2, 2016 Tyron packed his game system in his shoulder bag and headed out to meet his friend.

19. Tyron and his friend had been texting back and forth about trading their game systems all night.

20. They planned on meeting in the morning to exchange the games at Walbridge School.

21. On the morning of October 2, 2016 Defendant Murphy and Defendant Streckfuss were beginning their shift.

22. Defendant Murphy and Defendant Streckfuss are given a hot sheet of stolen vehicles at the beginning of their shift. Defendant Murphy highlighted a White 2006 Acura on the department hot sheet because it was involved in a violent crime.

23. Defendant Murphy and Streckfuss planned on keeping a lookout for this vehicle during their shift.

24. Defendant Murphy and Defendant Streckfuss spotted a White 2006 Acura they believed was the vehicle carjacked at gun point on September 22, 2016.

Electronically Filed - City of St. Louis - October 04, 2021 - 08:40 PM

25. Defendant Murphy and Defendant Streckfuss were looking for this vehicle in particular because the carjacking happened on their shift.

26. Defendant Murphy and Defendant Streckfuss were in pursuit of the vehicle and lost sight of it in the area of Lillian Avenue and Beacon Avenue.

27. Defendant Murphy and Defendant Streckfuss began searching the streets and the alleys in the vicinity.

28. When Tyron got to the school yard there were two other guys standing near the school yard.

29. Tyron was waiting on his friend when Defendant Murphy and Defendant Streckfuss passed the school yard and then backed up and jumped out the car with their guns in hand.

30. The other two guys started running and Tyron ran out of fear of the police.

31. Tyron was running and trying to hold up his pants.

32. Tyron ran through an open field heading in the direction of his house.

33. Defendant Murphy and Defendant Streckfuss ran behind him and started firing their weapons.

34. Multiple witnesses heard the shots and saw Tyron running trying to hold up his pants and Defendant Murphy and Defendant Streckfuss running behind him with their guns drawn.

35. Tyron was struck in the back by a bullet and collapsed in the front yard of 5037 Beacon Ave.

36. Tyron was taken into custody no weapons were found on his possession.

37. Tyron was conveyed to Children's Hospital with a gunshot wound to his upper torso in critical/stable condition.

38. Defendants Murphy and Streckfuss gave no instructions to Tyron prior to shooting him, such as stop or put your hands up.

39. Defendants Murphy and Streckfuss told Tyron to stay down after they shot him.

40. Defendants Murphy and Streckfuss fired at least 11 shots.

41. Upon information and belief Tyron Edwards had no association with the 2006 White Acura carjacked on September 22, 2016 highlighted on the hot sheet by Defendant Murphy.

Electronically Filed - City of St. Louis - October 04, 2021 - 08:40 PM

42. Upon information and belief the 2006 White Acura allegedly spotted by Defendants Murphy and Streckfuss was never recovered.

43. Upon information and belief, Tyron Edwards was unarmed when Defendants Murphy and Streckfuss shot him, never shot at the officers, nor did anything that would give any reason to believe that at his young age he was an immediate threat to the Defendant officers or the public.

## CLAIMS FOR RELIEF

### Count I - R.S.Mo. § 516. 140 and § 516.170.
### Assault and Battery
### (Against Defendant Murphy and Defendant Streckfuss in their individual capacity)

44. Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

45. The acts of Defendant Murphy and Defendant Streckfuss as described above were committed without just cause or provocation.

46. Defendant Murphy and Defendant Streckfuss actions were intended to cause Tyron Edwards apprehension of offensive physical contact and fear of bodily harm.

47. Tyron Edwards did, in fact, experience fear and apprehension of bodily harm.

48. Tyron Edward's fear and apprehension was reasonably caused by Defendant Murphy and Defendant Streckfuss actions.

49. As a direct and proximate result the brutal and outrageous conduct of Defendant Murphy and Defendant Streckfuss as described above, Tyron Edwards suffered fear, apprehension, severe bodily injury, as well as pain, suffering and emotional distress.

50. The acts of Defendant Murphy and Streckfuss were intentional, wanton, done with malice, and in reckless or conscious disregard for the rights of Tyron Edwards so as to entitle Tyron Edwards to an award of punitive damages against the Defendants and to deter them, as well as other similarly situated individuals, from engaging in similar conduct in the future in an amount to be determined by a jury.

## Count II – 42 U.S.C. § 1983
## Fourth and Fourteenth Amendment – Excessive Force
### (Against Defendant Murphy and Defendant Streckfuss in their individual capacity)

51. Plaintiff hereby incorporate by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

52. At all times alleged herein, Defendant Murphy and Defendant Streckfuss were employed with the City of St. Louis and acting under color of law including by not limited to the Fourth and Fourteen Amendment.

53. At all times alleged herein, Defendant City of St. Louis, by and through the St. Louis Police Department authorized, controlled, and maintained responsibility for Defendant Murphy and Defendant Streckfuss.

54. By shooting Tyron Edwards Defendant Murphy and Defendant Streckfuss effectuated a seizure under the Fourth Amendment. *Est. of Morgan v. Cook, 686 F.3d 494, 496* (8th Cir. 2012) (citation omitted).

55. At all relevant times alleged herein, no citizen, officer, or bystander was in imminent fear for their life or serious bodily injury.

56. Defendant Murphy and Defendant Streckfuss used objectively unreasonable force when Plaintiff did not pose an imminent threat of death or serious bodily injury to Defendant Police Officers or any other person.

57. Defendant Murphy and Defendant Streckfuss did not warn Tyron Edwards before unleashing a barrage of gunfire at his upper torso, despite ample opportunity to warn.

58. Upon information and belief, Tyron Edwards was unarmed and not a threat at the time Defendants Murphy and Defendant Streckfuss shot him.

59. The conduct of Defendants Murphy and Defendant Streckfuss was unreasonable, unlawful, and unconstitutional, in that Defendants Murphy and Defendant Streckfuss used more force than was reasonably necessary under the circumstances.

60. No reasonable officer in Defendant Murphy and Defendant Streckfuss position would have believed that deadly force was justified under the circumstances.

61. Defendant Murphy and Defendant Streckfuss did not need to discharge their weapons at the Plaintiff to effectuate an arrest. Defendant Murphy and Defendant Streckfuss

62. A reasonable officer in Defendant Murphy and Defendant Streckfuss position would have known that firing over eleven rounds from an automatic rifle was an unreasonable use of force under the circumstances.

63. As a direct result of Defendant Murphy and Defendant Streckfuss unlawful shooting and excessive use of force, Tyron Edwards was deprived of his right to be secure in his person, his right to be free from the unreasonable seizure of his person, and his right to be secure from the use of excessive force in violation of his rights under the Fourth and Fourteenth Amendments to the Constitution of the United States of America and 42 U.S.C. § 1983.

64. The acts of Defendant Murphy and Defendant Streckfuss as set forth above, were intentional, wanton, malicious, evil, and oppressive, or exhibited a reckless indifference or conscious disregard for Tyron Edwards federally-protected rights, thus entitling Plaintiff to an award of punitive damages against Defendant Murphy and Defendant Streckfuss in order to punish them and to deter them and others similarly situated from like conduct in the future.

65. Plaintiff also seek an award of attorney's fees and costs pursuant to 42 U.S.C. § 1988.

## Count III
### 42 U.S.C. § 1983 – Municipal Liability under Monell
#### (Against Defendant City of St. Louis)

66. Plaintiff hereby incorporate by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

67. At all times mentioned herein Defendant City of St. Louis was responsible for the hiring, training, supervising, and controlling all police officers of the City of St. Louis, and their use of firearms including, Defendant Murphy and Defendant Streckfuss.

68. At the time of the occurrence, Defendant Murphy and Defendant Streckfuss were acting within the course and scope of their employment with Defendant City of St. Louis.

69. Tyron Edwards injury was a result of aforementioned policies or customs.

70. Defendant City is therefore culpable for the constitutional violations set forth in the aforementioned Counts, pursuant to *Monell v. N.Y. dep't of Soc. Servs.,* 436 U.S. 658 (1978).

71. Defendant City of St. Louis policies and practices were the motivating policy and practice that resulted in SLMPD's use of excessive force and Defendants' official custom of failure to supervise, and failure to train. Defendant Murphy an Defendant Streckfuss specifically acted under the color of statute, custom, usage, law, ordinance and policies, which created, promoted, and trained SLMPD to use customs, tactics, patterns and practices including:

    a. A common custom, pattern, and practice of using deadly force to effectuate resisting arrest violations, with no threat to the officer's safety;
    b. A common custom, pattern, and practice of using unjustified force to effectuate municipal ordinance violations of resisting arrest;
    c. A common custom, pattern, and practice of using excessive force in violation of the Fourth, Fifth, and Fourteenth Amendments.
    d. A common custom, pattern, and practice to tolerate, overlook, and obfuscate police misconduct in incidents where the alleged offender runs, pulls away, or flees.
    e. A common custom, pattern, and practice to use deadly force when the offender does not present a threat, but the offender runs, pulls, away, or protest his innocence.
    f. A common custom, pattern and practice to use excessive force as a means to punish, control, and deter accused victims.

    - Defendant City of St. Louis pattern and practices include but are not limited to the following cases:   SLMPD Officer Marcus Biggins discharged his weapon on two separate occasions then charged the suspect with resisting arrest. The suspect was not a threat. The officer reported there were no injuries.

    - SLMPD Officer Colin Dowd discharged his weapon and charged the suspect with resisting arrest. The suspect was not a threat. The officer reported there were no injuries.

- SLMPD Officer Brendan Whitted discharged his weapon and charged the suspect with resisting arrest. The suspect was not a threat. The officer reported there were no injuries.

- SLMPD Officer Dereck Phillip discharged his weapon and charged the suspect with resisting arrest. The suspect was not a threat. The officer reported there were no injuries.

- SLMPD Officer Ryan Linhorst discharged his taser several times striking a suspect both times because Officer Linhorst claimed "he was in fear for his safety. Officer Linhorst charged the accused victim with resisting arrest. The suspect made clear to the officer that he would never hurt the officer and was not a threat.

- Officer Marcus Biggins discharged his weapon and charged the suspect with resisting arrest. The suspect was not a threat. The officer reported that there were no injuries.

- In *Dennis Ball-Bey v. The City of St. Louis et al.*, Scruggs Ball-Bey ran from a police officer and was fatally shot in the back. Mr. Ball-Bey allegedly resisted arrest. Mr. Ball-Bey was unarmed and not a threat.

- Three friends Anthony Tobias, Brian Davis, and Keyon Bennett were stopped by SLMPD Officer James Zwillings; Mr. Bennett stated he, Anthony and Keyon were all running across a vacant lot and Officer Zwilling pursued them on foot. All three boys heard Officer Zwilling fire his weapon – while their backs were turned and running away. None of the bullets fired by Officer Zwillings struck the boys. The boys were not a threat.

- In, *Antoinette Liggins, on behalf of a minor B.C. v. City of St. Louis et al.*, Eastern District of Missouri, 16-cv-00413, plaintiff was a 16-year old boy and was playing at the playground with his brother. SLMPD Officer Michael Cohen pulled up in his squad car, and the boys started running. SLMPD Officer Michael Cohen discharged his weapon and fired four shots at the boys striking the minor B.C. and permanently paralyzing him. B.C. did not threaten the officer.

72. As a direct, substantial and proximate result of the SLMPD patterns and practices Plaintiff was severely injured and deprived of his constitutional rights guaranteed under the Fourth, Fifth, Eighth, and Fourteenth Amendments.

73. Defendant City of St. Louis was deliberately indifferent in its supervision, training and control, which led to practices, customs, and patterns of the SLMPD. Defendant City of St. Louis was

negligent in its supervision of Defendant Murphy and Defendant Streckfuss in the following respects:

    a.    Defendant City of St. Louis failed to train Defendant Murphy and Defendant Streckfuss in the proper use of firearms.
    b.    Defendant City of St. Louis failed to supervise and train Defendant Murphy and Defendant Streckfuss in their use of department issued firearms and weapons on unarmed citizens who have not committed any crime.
    c.    Defendant City of St. Louis failed to supervise and train Defendant Murphy and Defendant Streckfuss to stop using force to limit the amount of harm caused when there is no threat to them or others; and
    d.    Defendant City of St. Louis failed to supervise and train Defendant Murphy and Defendant Streckfus not to use deadly force on a citizen when the life of Defendants and others are not in danger.
    e.    Defendant City of St. Louis failed to investigate the underlying incidents that established the custom of excessive force.
    f.    Defendant City of St. Louis failed to prevent police misconduct and institute appropriate remedial measure to prevent a pattern of police misconduct.

72. The conduct of Defendants as described above deprived Plaintiff of his right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution, of his right not to be subjected to any cruel and unusual punishment as secured to him under the Eighth Amendment to the United States Constitution, and his right not to be deprived of life, liberty, or property without due process of law and to be accorded the equal protection of the law as guaranteed to him under the Fourteenth Amendment to the United States Constitution.

73. Defendant City of St. Louis was deliberately indifferent to the obvious need and foreseeable consequence of failing to train, supervise, and control Defendant Murphy and Defendant Streckfuss and as a result Plaintiff was deprived of life and liberty under the constitution.

74. The conduct of Defendant City of St. Louis was reckless, malicious, wanton, and willful with Plaintiff's constitutional rights and the award of punitive damages is necessary to punish Defendant City of St. Louis in its individual capacity and to deter it and others from the same or similar transgressions in the future.

75. Plaintiff also seek an award of attorney's fees and costs pursuant to 42 U.S.C. § 1988.

Electronically Filed - City of St. Louis - October 04, 2021 - 08:40 PM

# PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court enter an Order in its favor and award compensation for all losses and damages including but not limited to:

a. Actual economic damages as established at trial;

b. Compensatory damages, including, but not limited to those for past and future pecuniary and non-pecuniary losses, physical and mental pain, humiliation, fear, anxiety, loss of enjoyment of life, loss of liberty, privacy, and sense of security and individual dignity, and other non-pecuniary losses;

c. Punitive damages for all claims as allowed by law in an amount to be determined at trial;

d. Issuance of an Order mandating appropriate equitable relief, including, but not limited to:

   1. Issuance of a formal written apology from each Defendants to the Plaintiff;

   2. The imposition of policy changes designed to avoid future similar misconduct by Defendants;

   3. Mandatory training designed to avoid future similar misconduct by Defendants;

e. Pre-judgment and post-judgment interest at the highest lawful rate;

f. Attorney's fees and costs associated with this action, including expert witness fees, on all claims allowed by law; and

g. All appropriate relief at law and equity that justice requires.

Dated:  October 4, 2021                    Respectfully submitted,

                                           By:

                                           JERRYL T. CHRISTMAS & ASSOCIATES LLC

                                           /s/ Jerryl T. Christmas
                                           Jerryl T. Christmas  (MBE #45370MO)
                                           6101 Delmar Boulevard
                                           Saint Louis, MO 63112
                                           314-588-7105
                                           314-361-2525 (fax)
                                           christmaslaw@yahoo.com

                                           *Attorney for the Plaintiff*